UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM D., A MINOR, BY AND THROUGH HIS PARENTS, DENNIS AND LUCY D., et al.<br><br>            Plaintiffs<br><br>  v.<br><br>MANHEIM TOWNSHIP SCHOOL DISTRICT<br><br>            Defendant | CIVIL ACTION<br><br>No. 04-4535 |

**MEMORANDUM**

September __, 2005

      In this case, plaintiffs William D. ("Billy"), a minor child with learning disabilities, and his parents, Dennis and Lucy D., have brought suit against the defendant Manheim Township (Pa.) School District ("District"), seeking to establish that Billy was wrongfully denied Extended School Year ("ESY") services for the summer of 2004 and to recover monetary damages accordingly.

      ESY services are available under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, where they are necessary to provide disabled students with a free and appropriate public education. 34 C.F.R. § 300.309; *see* 22 Pa. Code § 14.132; *Battle v. Pennsylvania*, 629 F.2d 269 (3d Cir. 1980). In accord with Pennsylvania regulations, prior to plaintiffs' initiation of this action, Billy's eligibility for ESY services

was reviewed by two levels of administrative officers. 22 Pa. Code § 14.162. Billy was found ineligible for ESY services by a Pennsylvania Special Education Hearing Officer ("Hearing Officer"), and this determination was affirmed by a Pennsylvania Special Education Due Process Appeals Panel ("Appeals Panel"). Plaintiffs, on September 27, 2004, then commenced this action.

On January 10, 2005, plaintiffs filed a motion to introduce additional evidence. Specifically, plaintiffs request permission to introduce a private expert evaluation of Billy's skills regression, which was conducted during the summer of 2004, after the administrative proceedings were completed. In response, the defendant District filed a memorandum in opposition to plaintiffs' motion. The District principally opposes the admission of plaintiffs' regression analysis, but argues, alternatively, that if this court grants plaintiffs' motion, the District should also be allowed to supplement the record on this issue.

Based on the parties' submissions, and the administrative record, plaintiffs' motion will be granted. The Third Circuit has held that such after-acquired evidence may be considered with respect to the reasonableness of the school district's decision at the time the decision was made. *Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751 (3d Cir. 1995). Defendant's request to supplement the record will be granted in part.

I. Background

Billy is a student with mild-range autism and speech-language impairment.[1] During the 2002-2003 school year, Billy was enrolled in the District's half-day kindergarten and was provided with an array of special education services. He performed well in kindergarten, meeting the expectations for nondisabled students.

During the summer of 2003 he received ESY services—the District supported his attendance at a day camp with a one-on-one aide and continued his in-home educational program, known as the Lovaas program, for one hundred hours.

In 2003-2004 Billy completed the first grade; he continued to attend his neighborhood public school and to receive various special education services. He was found to function within the average range of ability and performed above average in some areas . Overall, he was considered "on track" to achieve his individualized education plan ("IEP") goals.

For the summer of 2004, Billy's IEP team determined that he was not eligible for ESY services. His parents disagreed with this determination and sought an expedited due process hearing. In particular, Billy's parents objected that the District had made its determination without regression/recoupment data; they argued that the lack of such data resulted in an inappropriate finding.

Hearings were held in March and April 2004. On April 16, 2004, the Hearing

---

[1] This factual and procedural summary is drawn largely from the administrative decisions.

Officer found that Billy was ineligible for ESY services. In reaching this decision, the Hearing Officer rejected the plaintiffs' claim that the District's lack of regression/recoupment data rendered the District's determination of Billy's ESY eligibility improper. The Hearing Officer found that there had been no opportunity to collect such data because, at the parents' request and due to their efforts, there had been no break in Billy's educational programming in 2002-2003 or 2003-2004 (prior to the hearing). Nonetheless, the Hearing Officer found that there was "sufficient information . . . in the record regarding regression/recoupment . . . to support the ESY IEP team's conclusion." The Hearing Officer noted that the District had followed the ESY Checklist contained in the 2003 Pennsylvania Department of Education ("PDE") Guidelines[2] in coming to its ESY determination for Billy for the summer of 2004. The Hearing Officer concluded that "[b]ased upon the totality of the record, the district's decision regarding Billy's program without ESY [was] reasonably calculated to yield meaningful educational benefit."

On June 4, 2004, the Appeals Panel upheld the Hearing Officer's decision. The majority maintained that "the record fully supports the District's recommendation that the student does not need specific ESY programming over the summer." The Appeals Panel found the Hearing Officer's opinion to be "well-reasoned and supported by the record."

---

[2]The PDE Guide is described in detail in the Hearing Officer's decision and is included as an exhibit in the record. It includes the text of the regulatory requirements for ESY, a summary of judicial authority for ESY services in Pennsylvania, and technical assistance documents such as the ESY Checklist.

One member of the Appeals Panel dissented, stating that he would instead have ordered that a study be conducted during the first week of summer and that the IEP team then be reconvened to make a decision.

During the summer of 2004, plaintiffs privately arranged for a regression/recoupment analysis of Billy's skills during a short break in his educational programming.³ The study was conducted by the Lovaas Institute for Early Intervention eover a twelve-day period, during which Billy's formal one-to-one instruction was stopped. His skills were tested and observed at the beginning of the period (the baseline measurement) and again at the end (the post-assessment measurement). The "percentage [point] difference" in Billy's performances was measured to quantify his regression. The report also asserts that, as of July 20, 2004, Billy had not recouped skills; no data are provided to support this claim.

Plaintiffs argue that the record before the Appeals Panel was "incomplete" because it lacked evidence from a study of this kind; they maintain that the results are now relevant to this court's review as they "demonstrate[] Billy's need for Extended School Year services."

The District acknowledges that a student's potential difficulties with regression

---

³Plaintiffs state that they conducted this study "[a]s a result of the Special Education Appeals Panel's dissenting opinion." The District asserts that it did not have the option to schedule testing for the spring break or summer of 2004 on its own, as the dissenting opinion suggested would have been appropriate, because the District was required by Pennsylvania's Department of Education to make its ESY determination by February 28.

and recoupment are two of the factors that must be considered by an IEP team when determining a student's eligibility for ESY services.[4] However, the District argues that data from a formalized study of regression/recoupment during an interruption in educational programming is not specifically required, since a child's entitlement to ESY services can be demonstrated even without such data.

Finally, the District maintains that the specific evidence now proffered by the plaintiffs is neither relevant nor appropriate. In particular, the District argues that the study "would not add to the court's understanding of the [regression and recoupment] issues" because it does not include any data on recoupment. The District also asserts that any failure to collect data prior to the spring 2004 hearings was due to plaintiffs' refusal to allow a break in educational services.

## II. Analysis

The IDEA § 1415 (e)(2) provides, in relevant part, that courts "shall hear additional evidence at the request of a party" in actions for judicial review brought under the statute. In *Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751 (3d Cir. 1995), the Third Circuit elaborated upon this, holding that "the question of what additional evidence to admit in an IDEA judicial review proceeding . . . should be left to the discretion of the trial court." *Id.*

---

[4] 22 Pa. Code § 14.132(2) lists seven sub-items and states that no single factor is determinative—the first two sub-items provide definitions for regression and recoupment, and several other sub-items relate to the same concerns. For example, the third factor reads: "whether the student's difficulties with regression and recoupment make it unlikely that the student will maintain the skills and behaviors relevant to IEP goals and objectives." § 14.132(2)(iii).

at 759.

The court noted in *Susan N.* that even a "restrictive approach" to the admission of evidence might allow "evidence concerning relevant events occurring subsequent to the administrative hearing," 70 F.3d at 759 (internal quotations omitted). The *Susan N.* court made it clear, however, that any evidence acquired after the district's decision may be considered *only* with respect to the reasonableness of the district's decision when it was made. *Id.* at 762. In a footnote, the court also cautioned that greater care may be warranted in deciding to admit after-acquired evidence in actions for damages (particularly if punitive damages are sought), than in cases where only remedial education is sought and thus "a more liberal approach" is appropriate. *Id.* at 761 n.10. In this case, the plaintiffs seek non-punitive monetary damages.

Regardless of when evidence is acquired, the central concern remains that the district court "must exercise particularized discretion in its rulings so that it will consider evidence relevant, non-cumulative, and useful in determining whether Congress' goal has been reached for the child involved." *Susan N.*, 70 F.3d at 760. And, Congress' goal––as the courts have understood it––is that the child's IEP (which may include ESY services) be reasonably calculated to confer a meaningful educational benefit. *See, e.g.*, *Bd. of Educ. of Hendrick v. Rowley*, 458 U.S. 176, 206 (1982); *S.H. v. State-Operated Sch. Dist. of the City of Newark*, 336 F.3d 260, 264 (3d Cir. 2003). Thus, the critical question for this court is whether plaintiffs' proffered evidence is "relevant, non-cumulative, and

useful" in evaluating the reasonableness of the District's determination in February 2004 that Billy was ineligible for ESY services.

Plaintiffs assert that their evidence is not only relevant and useful, but essential to this court's decision-making because the administrative record is otherwise "incomplete." While this court does not concur with this assessment,[5] it remains within this court's discretion to admit the plaintiff's evidence for its potentially probative value.

The District argues convincingly that the evidence plaintiffs seek to introduce suffers a number of shortcomings. Chief among these is the fact that plaintiffs' study assesses only Billy's *regression* over a twelve-day period; it does not provide data on his recoupment after resuming his educational program. This deficiency would appear to substantially limit the probative value of plaintiffs' evidence. *Cf. Armstrong v. Kline II*, 513 F.Supp. 425 (E.D.Pa. 1980) (on remand); *cf. also Alamo Heights Indep. Sch. Dist. v. State Bd. of Educ.*, 790 F.2d 1153, 1158 (5th Cir. 1986). Furthermore, it would seem sensible to assess the study's quantifications of Billy's regression with considerable caution given the small sample sizes on which they are based and the lack of reference points or other guidance as to how Billy's scores compare with those of a typical student.

Plaintiffs' evidence could be barred in its entirety. The Third Circuit has noted that

---

[5]This court does not find that the absence of a formalized study of the type plaintiffs have commissioned renders the record incomplete in this case. Pennsylvania regulations do not require such a study; rather, the regulations offer a non-exhaustive list of reliable sources of information regarding a student's "educational needs, propensity to progress, recoupment potential, and year-to-year progress." 22 Pa. Code § 14.132(3); *Polk v. Central Susquehanna Intermediate Unit 16*, 853 F.2d 171, 184 (3d Cir. 1988).

after-acquired evidence that was potentially available to a plaintiff when the school district made its decision is excludable. *See Susan N.,* 70 F.3d at 762. In the case at bar, plaintiffs' motion does not refute the finding by the Hearing Officer and the Appeals Panel that there was no break in the calendar during which a regression/recoupment analysis could have been conducted because the plaintiffs refused to interrupt Billy's in-home educational services—in essence, a finding that the evidence would have been available to the plaintiffs had they allowed it.

Nonetheless, the study proffered by the plaintiffs is clearly relevant to the issue of regression, which remains one of the factors that must be considered in making a ESY services determination. 22 Pa. Code § 14.132(2). Moreover, the study is neither cumulative nor duplicative of other data in the record. Finally, the study may prove useful in determining whether the District's decision was reasonable when arrived at; once again, this court notes that, under *Susan N.*, reliance on after-acquired evidence is only legitimate insofar as it bears on the reasonableness of a District's decision at the time it was made. 70 F.3d at 762. In light of all this, plaintiffs' motion will be granted.

Defendant's responsive request to supplement the record will be granted in one respect: The District will be given permission to supplement the record with an analysis of the methodology used in plaintiffs' study and of the qualifications of those involved in preparing it. The District's request to introduce reports from school professionals who worked with Billy at the end of the 2003-2004 school year and the beginning of the 2004-

2005 school year will be denied as insufficiently relevant, non-cumulative, and useful. Finally, the District's request to provide additional reports regarding Billy's performance before and after the 2004/2005 winter break will be denied as insufficiently relevant to the District's determination of Billy's eligibility for ESY services in the summer of 2004.

The foregoing rulings are encompassed in the accompanying order.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM D., A MINOR, BY AND THROUGH HIS PARENTS, DENNIS AND LUCY D., et al.<br><br>    Plaintiffs<br><br> v.<br><br>MANHEIM TOWNSHIP SCHOOL DISTRICT<br><br>    Defendant | CIVIL ACTION<br><br>No. 04-4535 |

**ORDER**

September __, 2005

 For the reasons stated in the foregoing memorandum opinion, it is hereby ORDERED as follows:

  (1) Plaintiffs' Motion to Introduce Additional Evidence (Docket #9) is GRANTED.

  (2) Defendant's Motion to Introduce Additional Evidence (Docket #11) is GRANTED in part, as to Defendant's request to analyze the methodology used in plaintiffs' study and the qualifications of those involved, and DENIED in part, as to Defendant's request to introduce additional reports.

                      _____
                       Pollak, J.